## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| RAHONDA MACCLAIN, in her individual capacity and as Administrator of the Estate of Damion MacClain, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN OWENS, Commissioner, Georgia Department of Corrections, et al., <br><br> Defendants. | CIVIL ACTION NO. : 4:13-CV-210-HLM <br><br> JURY TRIAL DEMANDED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**I.   DESCRIPTION OF CASE**

(a)   Describe briefly the nature of this action.

**For Plaintiff:**
**This is a civil rights action brought pursuant to 42 U.S.C. §1983 and based on a violation of the Eighth and Fourteenth Amendments of the U.S. Constitution arising from the death of Damion MacClain. Mr. MacClain was killed by other prisoners while he was incarcerated at Hays State Prison due to the deliberate indifference of defendants. Rahonda MacClain, Mr. MacClain's mother and the administrator of his estate, seeks a judgment against the Defendants for violating Mr. MacClain's rights under the U.S. Constitution, as described in the Complaint. Ms. MacClain seeks all damages allowed by law, including compensation for the full value of the life**

>   of Mr. MacClain, his pain suffering, his funeral and burial expenses, nominal damages, and punitive damages.
>
>   **For Defendants:** Plaintiff RaHonda MacClain brings this civil rights action individually and as the administrator of the estate of Damion MacClain.  The action is brought pursuant to 42 U.S.C. § 1983 and Plaintiff alleges that Defendants were deliberately indifferent to the safety of inmate MacClain, proximately resulting in his death, in violation of the Eighth and Fourteenth Amendment of the United States Constitution.  Defendants deny the allegations.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

>   **Plaintiff filed this Section 1983 against eight Defendants, correctional supervisors and officers of the Georgia Department of Corrections. Her complaint alleges that Defendants are liable for the death of her son, Damion MacClain, an inmate of Hays State Prison, at the hands of other inmates, by being deliberately indifferent to his safety while incarcerated.  Plaintiff specifically alleges that the inmates who killed Mr. MacClain were able to exit their cells because of known faulty cell locks, a problem repeatedly identified in facility audits over a number of years. Defendants deny the allegations.**

(c)   The legal issues to be tried are as follows:

>   **For Plantiff:**
>   1. Whether Defendants were deliberately indifferent to Mr. MacClain's constitutional rights?
>
>   2. Whether Defendants' actions or inactions proximately caused Mr. MacClain's death?
>
>   3. If any Defendant is liable, the amount of damages for which they are liable?
>
>   4. Whether Plaintiff is entitled to reasonable attorneys' fees and expenses?

**For Defendants:**
1. **Whether each or any defendant is individually liable due to subjective deliberate indifference to the substantial risk of serious harm to the safety of Mr. MacClain, proximately resulting in his death?**

2. **Whether each or any individually named defendant is entitled to qualified immunity from suit?**

3. **If any defendant is liable, the amount of damages, if any, for which each individual Defendant is liable?**

(d) The cases listed below (include both style and action number) are:

   (1)   Pending Related Cases:  **None.**

   (2)   Previously Adjudicated Related Cases:  **None.**

## II.   THIS CASE IS COMPLEX

This case is complex because it possesses one or more of the features listed below (please check):
__x__ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
__x__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

### III.   COUNSEL

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiff:**
Sarah Geraghty
Melanie Velez
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, GA 30303
404-688-1202
sgeraghty@schr.org
mvelez@schr.org

**For Defendants Owens, Ward, Tatum And Bailey Dean**
Susan L. Rutherford
Senior Assistant Attorney General
Tina M. Piper
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 463-8850
srutherford@law.ga.gov
tpiper@law.ga.gov

**For Defendant Hatcher**
Vincent A. Toreno, Esq.
Ken David & Associates, LLC
229 Peachtree Street
International Tower, Suite 950
Atlanta, GA 30303
404.446.4476 (direct)
vince.toreno@kendavidlaw.com

**For Defendant Clark**
George M. Weaver

4

Holberg & Weaver, LLP
2921 Piedmont Road, N.E.
Suite C
Atlanta, Georgia 30305
404-760-1116
gweaver@hw-law.com

**For Defendant Burns**
Eve Appelbaum
Paul A. Henefeld
Appelbaum & Associates
9B Lenox Pointe NE
Atlanta, GA 30324
(404)841-1275
(404)841-0248 fax
eaa@aps-law.com
pah@aps-law.com

**For Defendant Johnson**
Annarita Leigh McGovern
Derrick L. Bingham
Owen, Gleaton, Egan, Jones & Sweeney, LLP
1180 Peachtree St., NE
Suite 3000
Atlanta, GA 30309
(404) 688-2600
AMcGovern@OG-Law.com
Bingham@OG-Law.com

**IV.   JURISDICTION**

Is there any question regarding this Court's jurisdiction?
____Yes __x__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

## V.  PARTIES TO THIS ACTION

**(a)**  The following persons are necessary parties who have not been joined: **None**.

**(b)**  The following persons are improperly joined as parties: **None.**

The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## VI.  AMENDMENTS TO THE PLEADINGS

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:

  **At this time, the parties do not anticipate any amendments to the pleadings.**

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## VII.  FILING TIMES FOR MOTIONS

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of

discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## VIII. INITIAL DISCLOSURES

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**December 16, 2013 is the current deadline by which the parties are to exchange Initial Disclosures, pursuant to the Local Rules of this Court. However, the parties have agreed to extend this deadline until 14 days after Defendants' answer to Plaintiff's complaint is filed.  The parties request that this Court permit such an extension.**

## IX.    REQUEST FOR SCHEDULING CONFERENCE

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**No party requests a scheduling conference at this time.**

## X. DISCOVERY PERIOD

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**By Plaintiff: Plaintiff anticipates that the discovery that may be needed includes the following: (1) information relating to the events of Mr. MacClain's death; (2) information regarding violent incidents and deaths at Hays; (3) policies and procedures, and related information, regarding officers' security-related duties, including, but not limited to, investigations of violent incidents; (4) information regarding Defendants' knowledge about conditions at Hays, including, but not limited to, incident reports, security-related complaints from officers and prisoners, documents concerning maintenance of the cells and cell locks, documents concerning efforts made by Hays supervisors and guards to secure areas in which there were broken or defective cell locks, and audit reports; (5) information regarding Defendants' knowledge about the conditions at Hays that contributed to or were involved in Mr. MacClain's death; (6) information regarding the alleged perpetrators of Mr. MacClain's death, including, but not limited to, their institutional records; (7) information regarding any steps taken by Defendants to address security failures at Hays prior to Mr. MacClain's death and for a reasonable time after this death; (8) information regarding staffing levels at Hays.**

**By Defendants: Discovery will be needed regarding the facts surrounding inmate MacClain's incarceration, the December 26, 2012 incident at Hays State Prison, the cause of death of inmate MacClain, and the damages alleged**

8

**to be sustained by Plaintiff; including but not limited to information regarding the full value of inmate MacClain's life.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request an eight-month period for discovery in light of the number of defendants and attorneys involved in this case as well as the need to obtain discovery from numerous third parties, including incarcerated individuals.**

### XI. DISCOVERY LIMITATION AND DISCOVERY OF ELECTRONICALLY STORED INFORMATION

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Plaintiff anticipates the need to take at least 15 depositions in this matter, given that there are 8 defendants in this case and that there are multiple potential witnesses.**

(b) Is any party seeking discovery of electronically stored information?
____**x**____ Yes _____ No

If "yes,"
(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree to limit their requests for electronically stored information ("ESI") to custodians with potentially relevant information over a period of time reasonably likely to encompass documents relevant to the claims and defenses of the parties. The parties further agree that, once the universe of potentially relevant**

9

       **ESI is identified, the party in possession, custody, or control of that ESI will propose search terms to be applied to that information to counsel for all other parties.  Counsel for the parties will work together to adjust search terms and production protocols to ensure the ultimate production is thorough but not unduly burdensome.  The parties understand that the process of collecting and searching for potentially relevant information will likely be an iterative process.**

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

       **The parties have agreed to continue to work together to reach agreement regarding the format of production of electronically stored information, the method of production and the inclusion or exclusion of meta data.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## XII.  OTHER ORDERS

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**No party currently anticipates requesting orders under Rule 26(c) or 16(b) and (c).**

## XIII. <u>SETTLEMENT POTENTIAL</u>

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held **on December 5, 2013**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): /s/ *Melanie Velez*

Other participants:
Lawrence J. Bracken II
Andrew Stulce
Hunton & Williams LLP

For defendants:

Lead counsel for Defendants Owens, Ward, Tatum and Bailey Dean

(signature): */s/ Susan L. Rutherford* (by M. Velez w/ express permission)

Other participant: Tina Piper

Lead Counsel for Defendant Hatcher

(signature): */s/ Vincent A. Toreno* (by M. Velez w/ express permission)

Lead Counsel for Defendant Clark

(signature): */s/ Georgia M. Weaver* (by M. Velez w/express permission)

Lead Counsel for Defendant Burns

(signature) : */s/ Eve Applebaum* (by M. Velez w/express permission)

Lead Counsel for Defendant Johnson

 (signature): */s/ Anna Leigh McGovern* (by M. Velez w/express permission)

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__**x**__) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is agreed to occur **in January, 2014, at a date and time mutually agreed upon and convenient to the parties**.

(d) The following specific problems have created a hindrance to settlement of this case.

**The parties report none.**

### XIV.  TRIAL BY MAGISTRATE JUDGE

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (__**x**__) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 16th day of December 16, 2013.

**COUNSEL FOR PLAINTIFF**

*/s/ Melanie Velez*
Sarah Geraghty
Georgia Bar No. 291393
Melanie Velez
Georgia Bar No. 512460
SOUTHERN CENTER FOR
HUMAN RIGHTS
83 Poplar Street, N.W.
Atlanta, GA 30303
Telephone: (404) 688-1202
Facsimile: (404) 688-9440
sgeraghty@schr.org
mvelez@schr.org

Lawrence J. Bracken II
Georgia Bar No. 073750
Andrew A. Stulce
Georgia Bar No. 882889
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:  (404) 888-4000
Facsimile:  (404) 888-4190
lbracken@hunton.com
astulce@hunton.com


**FOR DEFENDANTS OWENS, WARD, TATUM and BAILEY DEAN**
  */s/ Susan L. Rutherford* (by M. Velez w/express permission)
SUSAN L. RUTHERFORD
Georgia Bar No. 621475
TINA M. PIPER
Georgia Bar No. 142469

Assistant Attorneys General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 463-8850
srutherford@law.ga.gov
tpiper@law.ga.gov

**FOR DEFENDANT HATCHER**
*/s/ Vincent A. Toreno* (by M. Velez w/express permission)
VINCENT A. TORENO, ESQ
Georgia Bar No. 714735
Ken David & Associates, LLC
229 Peachtree Street
International Tower, Suite 950
Atlanta, GA 30303
404.446.4476 (direct)
vince.toreno@kendavidlaw.com

**FOR DEFENDANT CLARK**
*/s/ George M. Weaver* (by M. Velez w/express permission)
GEORGE M. WEAVER
Georgia Bar No. 743150
Holberg & Weaver, LLP
2921 Piedmont Road, N.E.
Suite C
Atlanta, Georgia 30305
404-760-1116
gweaver@hw-law.com

**FOR DEFENDANT BURNS**
*/s/ Eve Applebaum* (by M. Velez w/express permission)
EVE APPELBAUM
Georgia Bar No.020899
PAUL A. HENEFELD
Georgia Bar No. 346755
Appelbaum & Associates
9B Lenox Pointe NE
Atlanta, GA 30324

(404)841-1275
(404)841-0248 fax
eaa@aps-law.com
pah@aps-law.com

**FOR DEFENDANT JOHNSON**
*/s/ Annarita Leigh McGovern* (by M. Velez w/express permission)
ANNARITA LEIGH MCGOVERN
Georgia Bar No. 098141
DERRICK L. BINGHAM
Georgia Bar No. 141217
Owen, Gleaton, Egan, Jones & Sweeney, LLP
1180 Peachtree St., NE
Suite 3000
Atlanta, GA 30309
(404) 688-2600
AMcGovern@OG-Law.com
Bingham@OG-Law.com

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20__.