IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| RAHONDA MACCLAIN, | * | |
| in her individual capacity and as | * | |
| Administrator of the Estate of | * | |
| Damion MacClain, Deceased, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE |
| | * | No. 4:13cv00210-HLM |
| BRIAN OWENS, | * | |
| et al. | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' REPLY BRIEF**

In their principal brief in support of their motion for more definite statement, motion to strike and partial motion to dismiss, Defendants argued that: (1) they were entitled to a more definite statement because Plaintiff's single count complaint referred only to the eight Defendants collectively in a conclusory fashion, without delineating in what manner any specific defendant's acts or omissions were the cause of the alleged constitutionally infirm conditions challenged; (2) that Plaintiff's allegations included allegations that were insufficient, immaterial or impertinent, and not necessary for a short and plain statement of her claim; (3) that Defendants Bailey-Dean, Burns and Johnson were

entitled to dismissal because Plaintiff failed to make any allegations to show foreknowledge to these Defendants – particularly non-supervisory employees Burns and Johnson – of alleged infirm conditions in the security of the facility or any causal link between deliberate action or inaction on their part and the subsequent injury suffered by inmate MacClain at the hands of other inmates; and, (4) that those three individual defendants were entitled to qualified immunity. Defendants stand by the arguments in the initial brief and file this reply only to reply as necessary to Plaintiff's response as follows:

## ARGUMENT AND CITATION OF AUTHORITY

### I.  MOTION TO DISMISS

#### A. Plaintiff failed to allege sufficient facts to state a claim against Defendants Bailey-Dean, Burns or Johnson.

When a complaint is challenged on a motion to dismiss for failure to state a claim, Plaintiff must do more than point to conclusory allegations of the underlying legal elements of the claim. It is clear that:

> a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility

of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal quotations and citations omitted). "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682, 129 S. Ct. at 1951-52). To survive dismissal of a deliberate indifference claim, Plaintiff must allege sufficient facts to show that each Defendant knew of "a strong likelihood, rather than a mere possibility" that Plaintiff was at substantial risk of serious harm. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).

Several times in her brief, Plaintiff lists the same or similar conclusory allegations that "Defendants" as a whole had knowledge and acted or failed to act, referring to (1) "dangerous conditions" that included malfunctioning locks; (2) that Defendants "failed to ensure adequate staffing;" (3) that Defendants had "knowledge of violent conditions" based on reports of other violent incidents; (4) that Defendants "failed to respond" to "deteriorating conditions" and "unsafe situations" or "address lawlessness" or ensure safety. *See, e.g.*, ECF 30, pp. 2, 6, 8, 9, 11, 13.  In this oft repeated litany, Plaintiff never addresses the simple factual

disparity in the responsibilities of two line correctional officers, a non-security supervisor and the other supervisory staff at the facility and department level. However, in determining whether prison officials were deliberately indifferent to a substantial risk of harm, "[e]ach individual Defendant must be judged separately and on the basis of what that person knows." *Burnett v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). While Plaintiff alleges that all Defendants are collectively charged with knowledge of infirm conditions at the facility, Plaintiff does not dispute that the only factual allegations made specifically against these two officers are their alleged failures on the night in question or that those against Defendant Bailey-Dean relate only to her interaction with Plaintiff when she reported inmate MacClain's generalized fear for his safety. *See, e.g.,* ECF 30, pp. 7, 9, 10, 11. Allegations of constructive knowledge are insufficient to allege deliberate indifference.

First, there is no allegation that Defendants Johnson or Burns, line correctional officers, were responsible for any of the prison conditions alleged in the Complaint.[1] Plaintiff's Complaint confirms that the two were merely "a

---

[1] In their response, Plaintiff argues that the Complaint contains particularized allegations about Defendants Bailey-Dean, Burns and Johnson. (ECF 30, p. 7). Notably, this argument is supported in part by references to allegations contained in paragraphs 17, 18. None of these paragraphs were incorporated into the Count of the complaint. (ECF 74). Plaintiff's reliance on paragraphs which were not

4

correctional officer" or "an officer" at Hays State Prison, respectively. (ECF 1, ¶¶ 17, 18). There are no allegations that Burns or Johnson was responsible for staffing, training, door locks, or cell assignments for prisoners. *Hale v. Tallapoosa County,* 50 F. 3d 1579, 1583 (11th Cir. 1995)(Mere knowledge of a substantial risk of serious harm is insufficient to show deliberate indifference but instead must be coupled with evidence that the defendant had the ability to reduce the harm and failed to take reasonable measures to abate the known risk of harm). Even if an argument could be made that general prison conditions put Burns and Johnson on notice, Plaintiff made no allegations regarding measures that Burns or Johnson was responsible for handling but failed to take. *See Valdes v. Crosby*, 390 F.Supp.2d 1084 (M.D.Fla. 2005) ("no evidence suggested that [the officer] was responsible for or had the authority to prevent or correct problems relating to abusive guards. Thus, the court finds plaintiff has failed to create a triable issue as to whether [the officer] violated plaintiff's constitutional rights because plaintiff has not demonstrated a causal connection between [the officer's] actions (or inactions) and the alleged constitutional deprivation."). Since Plaintiff's Complaint fails to allege

---

identified by Plaintiff as factual support for her allegations merely highlights the need for a more definite statement as to the factual elements of Plaintiff's claim against each individual defendant.

a legally sufficient causal connection, the motion to dismiss of Burns and Johnson should be granted.

Moreover, Plaintiff failed to allege that Defendant Burns did not "respond reasonably to the risk." *Marsh v. Butler County, Ala.*, 286 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*) ("[a]n Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'") In fact, Plaintiff's Complaint alleges that opposite conclusion -- that Burns did "respond reasonably to the risk." *Id.* Plaintiff's Complaint alleges that at 12:13 AM, Burns witnessed "yelling and clutter" around the subject cell and immediately summoned other correctional personnel. (ECF 1, ¶¶ 68 and 69). The officers summoned by Burns arrived at the subject cell at 12:17 AM, four minutes later. *Id*. There is no factual allegation that Burns's conduct evidenced a deliberate indifference to inmate MacClain's safety.

With respect to Defendant Bailey-Dean, Plaintiff's only particularized allegation remains the assertion that she relayed a generalized fear for the safety of inmate MacClain to Defendant Bailey-Dean, the Deputy Warden of Care and Treatment. (ECF 30, p. 70). There is no allegation of a particularized threat of harm to inmate MacClain by any specific target inmate or group of target inmates,

including any inmate alleged to be responsible for his murder.  There is no allegation of any history of dispute between inmate MacClain and the inmate or inmates involved in his murder.  There is no allegation of responsibility by Bailey-Dean for security decisions at the facility.  Allegations that a defendant knew or should have known of a substantial risk of serious harm are insufficient to state a deliberate indifference claim.  "Deliberate indifference requires more than constructive knowledge." *Franklin v. Curry,* 2013 U.S. App. LEXIS 25515 at p. 3 (11th Cir. 2013); *Goodman v. Kimborough,* 718 F. 3d 1325, 1331-32 (11th Cir. 2013).

      B. **Defendants Bailey Dean, Burns and Johnson are entitled to qualified immunity**.

Plaintiff's response to Defendants' assertion of qualified immunity similarly fails to distinguish between the positions of Defendants Bailey-Dean, Burns and Johnson and the remaining Defendants.  By doing so, Plaintiff fails to make any demarcation of liability between a claim of deliberate indifference which is based upon a particular failure to act on the evening when inmate MacClain was murdered, versus a claim of supervisory liability based upon widespread knowledge of conditions at the facility, instead lumping all eight Defendants together.  In arguing against qualified immunity, Plaintiff relies primarily on the decision in *Marsh v. Butler Cnty*, 268 F. 3d 1014, 1028 11th Cir. 2001)(*en banc*)

7

and *Cottone v. Jenne,* 326 F. 3d 1352 (11th Cir. 2003). Both cases discuss the application of supervisory liability in the Section 1983 context.[2]

Qualified immunity protects "all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). In order to overcome the officers' qualified immunity defense, Plaintiff must also show that the asserted constitutional right "was clearly established such that a reasonable official would understand that what he is doing violates that right." *Bashir v. Rockdale Cnty*., 445 F.3d 1323, 1327 (11th Cir. 2006). Whether relying on prior precedent or, in rare cases, obvious clarity, the touchstone is whether the violation would be apparent to a reasonable officer in the factual context with which he was presented. *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004)(official's awareness of an abstract right does not equate to knowledge that his conduct may infringe that right); *see also Smith v.*

---

[2] Plaintiff also relies on *McCreary v. Parker*, 456 Fed. App'x 790 (11th Cir. 2012) (ECF 30, p. 15) and *Bugge v. Roberts,* 430 Fed. App'x. 753(11th Cir. 2001)(ECF 30, p. 14, n.5). The decisions suffer from the same deficiencies in that they do not address the notice to line correctional officers or non-security supervisors of an obligation to address alleged infirm conditions not within the scope of their responsibilities. Also, both are unpublished decisions. *See Amnesty Int'l v. Battle*, 559 F.3d 1170, 1184 (11th Cir. 2009)(courts determining qualified immunity only look to binding precedent -- holdings of cases drawn from the United States Supreme Court, the Eleventh Circuit or the Georgia Supreme Court -- to clearly establish the law).

*Mattox,* 127 F.3d 1416, 1419 (11th Cir. 1997).  Plaintiff's position – particularly for the two correctional officers -- is stated too generally.  This is particularly true in light of the opposite conclusions reached in *Goodman v. Kimborough et al.*, 718 F. 3d 1325 (11th Cir. 2013); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) and the December 23, 2013 decision of *Franklin v. Curry*, 2013 U.S. App. LEXIS 25515 at p. 3 (11th Cir. 2013).

## II.  MOTION FOR MORE DEFINITE STATEMENT

Plaintiff argues that a more definite statement is not necessary because (1) the complaint contains sufficient "concrete details as to what each Defendant knew and did or failed to do" (ECF 30, pp. 18, 19); (2) that there is sufficient detail to allow Defendants to respond, in part because the factual detail can be gleaned through discovery which is likely in possession of Defendants (ECF 30, p. 18); and (3) that each Defendant may "simply deny" allegations that he or she believes do not apply.  (ECF 30, p. 21).  However, a plaintiff's failure to isolate the allegedly unconstitutional acts of each defendant fails to provide adequate notice as to the nature of the claim against each defendant, frustrating the application of the *Iqbal* and *Twombly* standards[3] to assess the sufficiency of the allegations in the complaint.  In the recent decision of *Franklin v. Curry,* the Eleventh Circuit

---

[3]  Referring to *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007).

reversed a decision by the district court denying a motion to dismiss based upon qualified immunity. *Franklin v. Curry,* 2013 U.S. App. LEXIS 25515 at p. 3 (11th Cir. 2013). The Court found dismissal of the action appropriate because plaintiff repeatedly alleged the elements of her deliberate indifference claim, alleging defendants "knew or should have known," without providing the facts from which the conclusion could be drawn. 2013 U.S. App. LEXIS 25515 at p. 3. In reaching its conclusion that dismissal of the claims was proper, the Court noted in a footnote as follows:

> Appellants point to a related problem of Franklin grouping defendants together in a manner that makes it impossible to determine the unconstitutional conduct attributed to each one individually. Our conclusions about the insufficiency of Franklin's allegations generally render analysis of this particular deficiency unnecessary except to emphasize the requirement that Franklin allege each Supervisory Defendant's subjective awareness of the risk of harm and that each of them exhibited deliberate indifference through his own actions. Meeting these requirements without any individualized allegations other than Appellants' names and titles is unlikely.

*Franklin v. Curry,* 2013 U.S. App. LEXIS 25515 at p. 5, n. 5. Plaintiff's complaint suffers from the same infirmity.

Moreover, the suggestion that discovery can cure any inadequacy in the providing notice of the claim does not vitiate the need for more specific allegation of facts attributed to each particular defendant. The *Franklin* court rejected this specific argument. *Franklin v. Curry,* 2013 U.S. App. LEXIS 25515 at p. 6, n. 6.

Under *Iqbal* and *Twombly*, a responding defendant should be able to challenge the sufficiency of the claim asserted against him on the face of the complaint. As the Supreme Court has noted, "the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009). Rather, discovery follows "the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (quotation omitted). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id*. (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id*.; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002); *see also Epps v. Watson*, 492 F.3d 1240, 1243 (11th Cir. 2007) ("Within the context of a Rule 12(b)(6) motion, . . . the well-pleaded factual allegations in the plaintiff's complaint are the focus of the determinations.").[4]

---

[4] Similarly, Plaintiff's apparent request for leave to amend her complaint, contained in footnote 10 on page 25, should not be considered. *Posner v. Essex*

While Plaintiff brings a single count, Plaintiff failed to connect the facts to the specific Defendant, lumping supervisory employees with line employees and without delineating what knowledge is ascribed to each. At the very least, Defendants are entitled to know (1) the manner in which each defendant is alleged to have violated MacClain's constitutional rights and (2) specific facts as to the actions that each Defendant allegedly took or failed to take which violated those rights. Therefore, the relief contemplated by Rule 12(e) is appropriate.

## III.   MOTION TO STRIKE

As addressed more fully in Defendants' prinicipal brief, Plaintiff's allegations surrounding unrelated, prior bad conduct, incidents occurring after December 26, 2012, and incidents occurring at prison facilities other than Hays State Prison can "have no possible bearing upon the subject matter of the litigation." *See Daughtery v. Firestone Tire & Rubber Co.*, 85 F.R.D. 693 (N.D. Ga. 1980). The Federal Rules of Civil Procedure give this Court the discretion to strike from pleadings "any redundant, immaterial, impertinent or scandalous matter." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976); Fed. R. Civ. P. 12(f). The striking of irrelevant and prejudicial allegations is essential to "narrow a lawsuit down to its essential components," by

---

*Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)(a motion to amend should not be considered when embedded within a response brief).

paring away the "superfluous material," and "saving time and resources of the litigants by allowing them to concentrate on the real issues of the litigation." *See Mathis v. Velsicol Chemical Corp.*, 786 F. Supp. 971, 975 (N.D. Ga. 1991).

Plaintiff avers that incidents occurring after December 26, 2012, or at other prison facilities, are relevant to show that the alleged conditions at Hays State Prison were not an "anomaly." (ECF 30, p. 22). Plaintiff has made clear that she anticipates litigating a wide array of unrelated incidents. The constitutional claim asserted by Plaintiff, however, requires subjective knowledge by the named Defendants of a risk of serious harm and disregard of that risk by conduct that is "more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11 th Cir. 2013)(internal quotations omitted). It is not enough that Plaintiff establishes that Defendants should have known of the risk; **conscious awareness** is the key. *See*, *e.g.*, *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996). (emphasis supplied). It is without question that Defendants cannot have been consciously aware of a risk or of a condition that had yet to occur. Nor can Plaintiff hope to establish that Defendants were deliberately indifferent to a substantial risk of serious harm to inmate MacClain based on incidents or events that had not yet happened. Claims of incidents occurring at Hays after December 26, 2010, or involving two *former* Hays State Prison inmates are simply too

13

attenuated to be lumped in with the claim at issue in this suit and are irrelevant to Plaintiff's claims. Rather, these allegations serve no purpose.

Plaintiff's attempt to unfairly prejudice Defendants culminates in her insistence on allegations of an adverse action taken thirteen years prior to this litigation against one of the named Defendants. The purported adverse action is attenuated in time, unrelated in substance, and is barred under the Rules of Evidence. FED. R. EVID. 608. Plaintiff's claim to the contrary is simply not supported. (ECF 30, p. 24).

Likewise, Plaintiff's need to "explain why the Complaint does not list all of the assaults that have taken place at Hays" is insufficient justification to include the allegations of improper responses by the Georgia Department of Corrections – a non-party -- to her records requests. (ECF 30, p. 24). Plaintiff has no "need" to catalogue purported incidents at Hays to plead her claim. In fact, such cataloguing directly runs afoul of her requirement to provide a "short and plain statement of [her] claim," FED. R. CIV. P. 8(a)(2) and will force Defendants to engage in needless, prolonged litigation, defending irrelevant accusations. Finally, the risk that Defendants will be prejudiced by allegations of a non-party's bad faith conduct is especially high when, as is here, the non-party is the current or former employer of the individually sued Defendants.

As argued, Plaintiff's allegations will improperly influence a jury and cause unfair prejudice to Defendants. Defendants cannot simply rely upon the hope of a favorable ruling on an *in limine* motion to exclude irrelevant, prejudicial allegations. Rather, allowing Plaintiff to proceed on the Complaint as written will require Defendants to needlessly expend substantial time and resources litigating allegations that have no bearing on Plaintiff's claim in this suit. As such, Defendants respectfully request that these allegations be stricken from Plaintiff's Complaint.

## IV. CONCLUSION

Defendants respectfully request that the Court order Plaintiff to make a more definite statement of her claims. Plaintiff should be ordered to make simple, concise, and direct factual allegations which support her claim as to each Defendant, without including legal argument, conclusory statements, and repetitive allegations in her amended complaint. Additionally, allegations which relate to events after December 26, 2012, events at other prisons or unrelated bad acts attributed to Defendants should be stricken. Finally, Plaintiff's deliberate indifference claims against Defendants Bailey-Dean, Johnson and Burns should be dismissed.

Respectfully submitted this 15th day of January, 2014.

**FOR DEFENDANTS OWENS, WARD, TATUM and BAILEY DEAN**
*/s/ Susan L. Rutherford*
SUSAN L. RUTHERFORD 621475
TINA M. PIPER     142469
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 463-8850
srutherford@law.ga.gov
tpiper@law.ga.gov

**FOR DEFENDANT HATCHER**
*<u>Vincent A. Toreno (wep S.L. Rutherford)</u>*
Vincent A. Toreno, Esq. 714735
Ken David & Associates, LLC
229 Peachtree Street
International Tower, Suite 950
Atlanta, GA 30303
404.446.4476 (direct)
vince.toreno@kendavidlaw.com

**FOR DEFENDANT CLARK**
*<u>George M. Weaver (wep S.L. Rutherford)</u>*
George M. Weaver 743150
Holberg & Weaver, LLP
2921 Piedmont Road, N.E.
Suite C
Atlanta, Georgia 30305
404-760-1116
gweaver@hw-law.com

**FOR Defendant BURNS**
*Eve Appelbaum (wep S.L. Rutherford)*
Eve Appelbaum 020899
Paul A. Henefeld 346755
Appelbaum & Associates
9B Lenox Pointe NE
Atlanta, GA 30324
(404)841-1275
(404)841-0248 fax
pah@aps-law.com
eaa@aps-law.com

**FOR DEFENDANT JOHNSON**
*Annarita Leigh McGovern (wep S.L. Rutherford)*
Annarita Leigh McGovern  098141
Derrick L. Bingham 141217
Owen, Gleaton, Egan, Jones & Sweeney, LLP
1180 Peachtree St., NE
Suite 3000
Atlanta, GA 30309
(404) 688-2600
AMcGovern@OG-Law.com
Bingham@OG-Law.com

**CERTIFICATE PURSUANT TO L.R. 7.1D**

I hereby certify that this motion and brief conform to the requirements of L.R. 5.1C.  This brief is written in 14 point New Times Roman font.

> */s/Susan L. Rutherford*
> SUSAN L. RUTHERFORD

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed Defendants' **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR PRE-ANSWER MOTION FOR MORE DEFINITE STATEMENT, TO STRIKE AND TO DISMISS IN PART** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Plaintiff's attorneys of record:

Sarah Geraghty
sgeraghty@schr.org
Melanie Velez
mvelez@schr.org

Lawrence J. Bracken, II
lbracken@hunton.com
Andrew A. Stulce
astulce@hunton.com

This 15th day of January, 2014.

> */s/Susan L. Rutherford*
> SUSAN L. RUTHERFORD 621475