IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

RAHONDA MACCLAIN,            *
in her individual capacity and as     *
Administrator of the Estate of      *
Damion MacClain, Deceased,       *
                                                    *
               Plaintiff,                     *
                                                    *
v.                                                *        CIVIL ACTION FILE
                                                    *        No. 4:13cv00210-HLM
BRIAN OWENS,                        *
et al.                                            *
                                                    *
               Defendants.                *

**ANSWER AND DEFENSES
OF DEFENDANTS OWENS, WARD, TATUM, AND BAILEY-DEAN**

COME NOW Defendants **BRIAN OWENS, TIMOTHY WARD, CLAY TATUM and BETTY BAILEY-DEAN**, within the time provided for by FED. R. CIV. P. 12(a)(1)(A), and submit their Answer and Defenses to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's injuries, if any, were not proximately caused by any action or omission of Defendants.

## THIRD DEFENSE

Claims brought pursuant to 42 U.S.C. § 1983 may not be brought against Defendants based upon a theory of vicarious liability or *respondeat superior*.

## FOURTH DEFENSE

Defendants cannot be held liable for any action involving Plaintiff in which they did not directly participate or of which they had no knowledge**.**

## FIFTH DEFENSE

Defendants deny that Plaintiff has been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## SIXTH DEFENSE

Defendants are entitled to qualified immunity for the claims asserted by Plaintiff and Plaintiff fails to make a detailed and fact specific showing of the violation of any clearly established right.

## SEVENTH DEFENSE

Defendants reserve the right to raise any additional defenses allowed by law at such time as the allegations are more specifically pled or developed.  Without waiving any of the above defenses and in answer to Plaintiff's complaint, Defendants state as follows:

## COMPLAINT

In her preface, Plaintiff sets forth her capacity in this action and as such, her preface requires no responsive pleading.

## I.  PRELIMINARY STATEMENT

### 1.

Defendant is not required to respond to any allegations of paragraph 1 that were struck by the Court's January 27, 2014 Order.  (ECF 36).  Responding further, Defendants admit that Plaintiff brought this action pursuant to 42 U.S.C. § 1983, but deny that Plaintiff was subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or is otherwise entitled to relief in this forum.  Defendants admit that inmate Damion MacClain was apparently murdered by another inmate at Hays State Prison on December 26, 2012 and that inmate Derrick Stubbs was found unresponsive in his locked cell in the segregation unit on December 19, 2012 and

was subsequently pronounced dead from injuries he sustained in D-building prior to his assignment to segregation.   Defendants deny all other allegations and conclusions contained in paragraph one.

2.

Defendants deny the allegations in paragraph two as written.  By way of further response, Defendants state that Georgia offenders are assigned security levels of close, medium, and minimum, that GDC facilities are classified as close, medium, and minimum, that Hays State Prison is classified as a close facility and that currently there are eight GDC facilities classified as close and three GDC facilities classified as special mission that also house close security inmates. Defendants state that as of December 31, 2012, GDC records reflect that Hays State Prison had a total population of 1637 inmates, 753 of which were classified as close security and that information relayed on GDC's public website reflects that the mission of Hays State Prison is "housing and managing some of the state's most challenging offenders," that close security inmates typically are considered to be those inmates who are escape risks, have assaultive histories, are 'deemed dangerous,' and/or have detainers for other serious crimes," and that close security inmates "require constant supervision by a correctional officer."  Defendants deny any remaining allegations or conclusions contained in paragraph two.

4

3.

Defendants admit that Hays State Prison houses some of the Georgia's most challenging inmates and that prison audits since 2008 contained findings relating to the locks and locking controls at Hays State Prison.  Defendants Bailey-Dean and Owens deny having any specific knowledge about the content of audit findings; Defendant Tatum denies any specific knowledge about the content of audit findings prior to his appointment to Warden at Hays State Prison and Defendant Ward denies any specific knowledge about the content of audit findings in 2008. Defendants deny all remaining allegations or conclusions contained in paragraph three.

4.

Defendants deny the allegations in paragraph four as written.  Defendants state that, as with all facilities housing convicted felons, inmate on inmate assaults, as well as inmate on staff assaults have occurred at Hays State Prison, including some incidents which resulted in an inmate's need for medical attention; and that despite efforts to reduce and eliminate contraband, including cell phones, at all GDC facilities, inmates at Hays State Prison at times have found ways to circumvent these efforts.  Defendants answer further that they have insufficient knowledge to admit or deny the allegations regarding how unnamed officers

subjectively felt about any particular issue and therefore deny same. Defendants have no knowledge of inmates sleeping in cells to which there were not assigned or of any purported control by inmates over other inmates in housing assignments. Defendants deny that conditions were unconstitutional. Defendants deny all other allegations and conclusions in paragraph four.

5.

Denied.

6.

Denied.

7.

Denied.

## II. JURISDICTION

8.

Defendants deny the allegations in paragraph eight as written. Defendants admit that jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 but deny that Defendants violated the rights of inmate MacClain or that Plaintiff is entitled to any relief in this forum.

### III.   VENUE

9.

Defendants admit that venue is proper but deny that Defendants violated the rights of inmate MacClain or that Plaintiff is entitled to any relief in this forum.

### IV.   PLAINTIFF

10.

Defendants admit that inmate MacClain's GDC institutional file reflects that he was convicted of armed robbery, burglary, theft by taking, obstruction of a law enforcement officer, and affray; that he was born in 1985, and that his mother is listed as RaHonda MacClain.  Defendants admit that inmate MacClain was found dead in a prison cell at Hays State Prison, apparently having been murdered by another inmate.  Defendants admit that Plaintiff brings this action in her individual capacity and in her capacity as administrator of the estate of inmate MacClain but deny that she is entitled to relief in this forum or that she has stated a claim against Defendants.  Defendants deny all other allegations and conclusions in paragraph ten.

## V. DEFENDANTS

### 11.

Defendant Owens admits that he served as the Commissioner of the Department of Corrections since January of 2009 through present date, that as Commissioner, he is responsible for the overall supervision of the agency, and that he has been sued in his individual capacity. Defendant Owens denies all other allegations and conclusions contained in paragraph eleven.

### 12.

Defendant Ward admits that he served as Assistant Commissioner of the Georgia Department of Corrections since June 16, 2011 through present date, that as Assistant Commissioner, he is responsible for overseeing the daily operation of the agency, and that he has been sued in his individual capacity. Defendant Ward denies all other allegations and conclusions contained in paragraph twelve.

### 13.

Defendant Tatum admits that he was appointed Warden at Hays State Prison from July 1, 2010 through February of 2013 and that he currently serves as Warden at Rogers State Prison. Defendant Tatum admits that as Warden of Hays State Prison, he was responsible for overseeing the daily operation of the facility, and

that he has been sued in his individual capacity.  Defendant Tatum denies all other allegations and conclusions contained in paragraph thirteen.

14.

Paragraph fourteen requires no response from Defendants Owens, Ward, Tatum, and Bailey-Dean.  To the extent a response is required Defendants deny that Plaintiff was subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or is entitled to any relief in this forum.

15.

Defendant Bailey-Dean admits that she was employed as Deputy Warden of Care and Treatment ("DWCT") at Hays State Prison from December 16, 2010 to October of 2013, that as DWCT, she was responsible for directing and overseeing activities for the rehabilitation and treatment of offenders, and that she is sued in her individual capacity.  Defendant Bailey-Dean states that in her capacity as DWCT, she had no direct responsibility for security functions other than the general responsibility concomitant to any individual employed by GDC in a prison facility.  Defendant Bailey-Dean denies all other allegations and conclusions contained in paragraph fifteen.

16.

Paragraph sixteen requires no response from Defendants Owens, Ward, Tatum, and Bailey-Dean.  To the extent a response is required Defendants deny that Plaintiff was subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or is entitled to any relief in this forum.

17.

Paragraph seventeen requires no response from Defendants Owens, Ward, Tatum, and Bailey-Dean.  To the extent a response is required Defendants deny that Plaintiff was subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or is entitled to any relief in this forum.

18.

Paragraph eighteen requires no response from Defendants Owens, Ward, Tatum, or Bailey-Dean.  To the extent a response is required Defendants deny that Plaintiff was subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or is entitled to any relief in this forum.

19.

Admitted.

## VI.    STATEMENT OF FACTS

20.

Defendants admit that as with all facilities housing convicted felons, inmate on inmate assaults, as well as inmate on staff assaults have occurred at Hays State Prison, including some incidents which resulted in an inmate's need for medical attention and further admit that despite an effort to reduce and eliminate contraband, including cell phones, at all GDC facilities, inmates at Hays State Prison at times have found ways to circumvent these efforts.  Defendants answer further that inmate on inmate assaults were reported and that some locks were defeated when tested.   Defendants answer further that they have insufficient knowledge to admit or deny the allegations regarding how unnamed officers subjectively felt about any particular issue and therefore deny same.  Defendants admit further that they have no knowledge of inmates sleeping in cells to which there were not assigned or of any purported control by inmates over other inmates in housing assignments.  Defendants deny that they were aware of any condition posing a substantial risk of serious harm that they failed to address.  Defendants deny all other allegations and conclusions contained in paragraph twenty.

21.

Paragraph twenty-one asserts a legal conclusion which requires no responsive pleading.  To the extent a responsive pleading is required, Defendants deny that they were aware of any condition at Hays posing a substantial risk of serious harm that they failed to address.  The allegations and conclusions of paragraph twenty-one are otherwise denied.

22.

Defendants admit that as with all facilities housing convicted felons, inmate on staff assaults have occurred at Hays State Prison, including some incidents which resulted in an officer's need for medical attention; admit that Plaintiff contacted Defendant Bailey-Dean; admit that Commissioner Owens and Robert Jones received a letter from the Southern Center for Human Rights regarding conditions at Hays State Prison on or around February 17, 2012; and admit that another inmate died on December 19, 2012.  Defendants Owens, Ward, and Bailey-Dean deny having any specific knowledge about the summaries of incident reports.  Defendants deny all other allegations and conclusions in paragraph twenty-two.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Defendants admit that GDC records reflect on August 20, 2011, inmate Alford Morris was fatally injured during an attack by inmates outside the chow hall; that on October 7, 2011, two inmates received outside medical attention for injuries, including stab wounds, resulting from an inmate brawl; and that two officers were stabbed on February 28, 2012 as inmates were returning from their evening meal.  Defendants deny all other allegations and conclusions contained in paragraph twenty-nine.

30.

Defendants admit that in May of 2012, Hays State Prison received a Facility of the Year award, based, in part, on consistent scores in various measures including but not limited to, audits, bed utilization, vacancy rates, and staff turnover rates.  Defendants deny all other allegations or conclusions contained in paragraph thirty.

31.

Defendants show the Court that the content of summaries of incident reports speak for themselves.  Defendants Owens, Ward and Bailey-Dean deny having any specific knowledge of the summaries of incident reports.  Defendants deny all other allegations and conclusions contained in paragraph thirty-one.

32.

Defendants admit that inmate Derrick Stubbs was found unresponsive in his locked cell in the segregation unit on December 19, 2012 and was subsequently pronounced dead from injuries he allegedly sustained in D-Building prior to his assignment in segregation.  Defendants deny all other allegations and conclusions contained in paragraph thirty-two.

33.

Denied.

14

34.

Defendants admit that inmate Daniel Ferguson was charged in the Superior Court of Chattooga County of the crime of murder for choking inmate Damion MacClain on December 26, 2012.  Defendants admit that inmate MacClain died one week after inmate Stubbs.   All remaining allegations and conclusions in paragraph thirty-four are denied.

35.

Paragraph thirty-five requires no response from Defendants Owens, Ward, Tatum, or Bailey-Dean, consistent with this Court's Order of January 27, 2014. (ECF 36).

36.

Paragraph thirty-six requires no response from Defendants Owens, Ward, Tatum, or Bailey-Dean, consistent with this Court's Order of January 27, 2014. (ECF 36).

37.

Paragraph thirty-seven requires no response from Defendants Owens, Ward, Tatum, or Bailey-Dean, consistent with this Court's Order of January 27, 2014. (ECF 36).

38.

Paragraph thirty-eight requires no response from Defendants Owens, Ward, Tatum, or Bailey-Dean, consistent with this Court's Order of January 27, 2014. (ECF 36).

39.

Paragraph thirty-nine requires no response from Defendants Owens, Ward, Tatum, or Bailey-Dean, consistent with this Court's Order of January 27, 2014. (ECF 36).

40.

Denied.

41.

Defendants deny the allegations in paragraph forty-one as written. Defendants answer further by admitting that the summaries of the comprehensive engineering audits reflect as follows: in August of 2008, the "Locks and LED audited," "Locks only score" was 86%, with 65 of 578 locks checked defeated; in November of 2009, "Locks and Locking Controls" received overall score of 83%; with 44 of 529 locks defeated; in July of 2010, "Locks and Locking Controls" received an overall score of 96%, with 22 of 512 locks defeated; in March of 2011, "Control Panels and Lock" received an overall score of 86%, with 9 of 64

defeated; in ; May/June of 2011, "Locks and Locking Controls" received an overall score of 86%, with 60 of 544 defeated; in or around September 10-12, 2012, "Locks and Locking Controls" received an overall score of 58%, with 184 of 442 defeated.   Defendant Tatum denies having any knowledge of the findings contained in audit reports for Hays State Prison other than when employed there as Warden.  Defendants Owens and Bailey-Dean deny having any specific knowledge about the content of the audit findings.  Defendants deny all other allegations and conclusions contained in paragraph forty-one.

42.

Defendants deny the allegations in paragraph forty-two as written. Defendants answer further by admitting that the summary of the comprehensive engineering audit reflects that in August of 2008, the "Locks and LED audited," "Locks only score" was 86%, with 65 of 578 locks checked defeated, and that major/critical findings included locks to be repaired or replaced.  Defendants deny having any specific knowledge about the content of audit findings for Hays State Prison in 2008.  Defendants deny all other allegations and conclusions contained in paragraph forty-two.

43.

Defendants deny the allegations in paragraph forty-three as written. Defendants answer further by admitting that the summary of the engineering comprehensive audit reflects that in November of 2009, "Locks and Locking Controls" received overall score of 83%; with 44 of 529 locks defeated and that critical findings included a high number of locks can be defeated and a notation that Engineering has Hays on the list for a complete lock replacement. Defendants Tatum, Owens and Bailey-Dean deny having any specific knowledge about the content of audit findings in 2009. Defendants deny all other allegations and conclusions contained in paragraph forty-three.

44.

Defendants deny the allegations in paragraph forty-four as written. Defendants answer further by admitting that the summary of the engineering comprehensive audit reflects that in July of 2010, "Locks and Locking Controls" received an overall score of 96%, with 22 of 512 locks defeated and that locks and locking control panels were included in a list of Major/Critical Findings. Defendants Bailey-Dean and Owens deny having any specific knowledge about the content of the audit findings. Defendants deny all other allegations and conclusions contained in paragraph forty-four.

45.

Defendants deny the allegations in paragraph forty-five as written. Defendants answer further by admitting that on July 26, 2010, a five page, customary executive summary of the comprehensive audit was issued to Defendant Warden Tatum, which included a finding that Locks and Locking Control Panels can be easily opened.  Defendants deny all other allegations and conclusions contained in paragraph forty-five.

46.

Defendants deny the allegations in paragraph forty-six as written. Defendants answer further by admitting that the summary of the engineering comprehensive audit reflects that in May 31- June 2, 2011, "Locks and Locking Controls" received an overall score of 86%, with 60 of 544 defeated, that Locks and Locking Control Panels were Major/Critical Findings, and that Per Ken Stone, Hays SP will be getting a new LCS.  Defendants Bailey-Dean and Owens deny having any specific knowledge about the content of the audit findings.  Defendants deny all other allegations and conclusions contained in paragraph forty-six.

47.

Defendants admit that records show that an incident report entered on May 31, 2011 reflects that a dorm was on lockdown, that inmates reportedly came out

19

of their cells, that the inmates refused Officer Cadle's order to return to their cells and that an inmate struck Officer Cadle in the face. Defendants deny all other allegations and conclusions stated in paragraph forty-seven.

48.

Defendants deny the allegations in paragraph forty-eight as written. Defendants answer by admitting that the summary of engineering comprehensive audit of September 26-27, 2011 reflects that of the 365 Locks and Locking Controls checked, 119 indicated problems. Defendants Bailey-Dean and Owens deny having any specific knowledge about the content of the audit findings. Defendants admit all other allegations contained therein.

49.

Defendants Bailey-Dean and Owens deny having any specific knowledge about the content of the audit findings. Paragraph forty-nine is otherwise admitted.

50.

Defendants deny the allegations in paragraph fifty as written. Defendants answer further by admitting that on October 16, 2012, Defendant Warden Tatum composed a corrective action memo relating to the executive summary, which noted, "Maintenance is currently installing new locks in the cell doors," in response to the Finding that Locks and Locking Controls had a high number of cell

door locks that were able to be defeated.  Defendants deny all other allegations and conclusions contained in paragraph fifty.

51.

Denied.

52.

Defendants deny the allegations in paragraph fifty-two as written. Defendants admit that a Purchase Order for replacement of locks with more secure locking systems was submitted on February 14, 2013, which includes the block quotation cited.  Defendants deny all other allegations and conclusions contained in paragraph fifty-two.

53.

Defendants deny the allegations in paragraph fifty-three as written. Defendants admit that the purchase order of February 14, 2013 was submitted after the death of inmate MacClain.  Defendants deny all other allegations contained in paragraph fifty-three.

54.

Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph fifty-four, and therefore deny same.

55.

Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph fifty-five and therefore deny same.

56.

Denied.

57.

Denied.

58.

Denied.

59.

Denied.

60.

Admitted.

61.

Defendants deny the allegations in paragraph sixty-one as written. Defendants answer further by admitting that on December 25, 2012, inmate MacClain's movement history reflects that he was assigned to cell number 112 in dorm A-2 of Building A.   Defendants deny all other allegations contained in paragraph sixty-one.

62.

Defendants deny the allegations in paragraph sixty-two as written. Defendants answer further by admitting that GDC records reflect that on December 25, 2012, there were 62 inmates housed in dorm A-2 and 124 inmates housed in Building A.  Defendants admit that there was one officer assigned to the control room of A Building and one officer assigned as a floor officer in A Building.

63.

Defendants admit that inmates ordered to lockdown are supposed to return to their cell and be locked down.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph sixty-three and therefore, deny same.

64.

Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph sixty-four and therefore, deny same.

65.

Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph sixty-five and therefore, deny same.

66.

Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph sixty-six and therefore, deny same.

67.

Defendants are without sufficient knowledge or information to form a belief as to whether inmate MacClain made any sound. Paragraph sixty-seven is otherwise denied.

68.

Admitted.

69.

Defendants show the Court that the contents of the GDC incident report speaks for itself and no further response is required by these Defendants.

70.

Defendants show that the contents of the GDC incident report speaks for itself and no further response is required by these Defendants.

71.

Defendants deny the allegations as written in paragraph seventy-one. Defendants answer further by admitting that an entry is made in the A-2 log

indicating that an inmate was stabbed.  Defendants admit all other allegations contained therein.

### 72.

Denied.

### 73.

Defendants show the Court that the contents of the logbook speak for itself. To the extent that the allegations in paragraph seventy-three are otherwise conclusory, they are denied.

## VII.   COUNT I

### 74.

Paragraph seventy-four requires no responsive pleading from Defendants Owens, Ward, Tatum, or Bailey-Dean.  To the extent a responsive pleading is required, Defendants incorporate their defenses and each of their responses to numbered paragraphs one through seven and nineteen through seventy-two and by reference as if fully stated herein.

### 75.

Denied.

### 76.

Denied.

77.

Denied.

78.

Denied.

## EIGHTH DEFENSE

To the extent that any allegation of the complaint has not herein been specifically admitted, denied, or otherwise controverted, Defendants deny the allegation.

## NINTH DEFENSE

Defendants deny that Plaintiff is entitled to any relief of any kind from Defendants.

## VIII.  PRAYER FOR RELIEF

Plaintiff's "Prayer for Relief" requires no responsive pleading but Defendants deny that Plaintiff's rights were violated or that she is entitled to relief in this forum.  Defendants deny that the Plaintiff is entitled to any relief of any kind from Defendants.

Defendants request a jury trial on all appropriate issues.

Respectfully submitted this 10th day of February 2014.


ATTORNEYS FOR DEFENDANTS OWENS,
WARD, TATUM AND BAILEY-DEAN

SAMUEL S. OLENS        551540
Attorney General

KATHLEEN M. PACIOUS        558555
Deputy Attorney General

DEVON ORLAND        554301
Senior Asst. Attorney General

*/s/ Susan L. Rutherford*
SUSAN L. RUTHERFORD        621475
Senior Assistant Attorney General

*/s/ Tina M. Piper*
TINA M. PIPER        142469
Assistant Attorney General

Please Address All
Communications To:
SUSAN L. RUTHERFORD 621475
TINA M. PIPER    142469
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 463-8850
srutherford@law.ga.gov
tpiper@law.ga.gov

## CERTIFICATE PURSUANT TO L.R. 7.1D

I hereby certify that this pleading conforms to the requirements of L.R. 5.1C.

This pleading is written in 14 point New Times Roman font.

*/s/Susan L. Rutherford*
SUSAN L. RUTHERFORD

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed Defendants'
**ANSWER AND DEFENSES OF DEFENDANTS OWENS, WARD, TATUM
BAILEY-DEAN TO COMPLAINT** with the Clerk of Court using the CM/ECF
system which will automatically send email notification of such filing to Plaintiff's
attorneys of record:

> Sarah Geraghty
> sgeraghty@schr.org
> Melanie Velez
> mvelez@schr.org
>
> Lawrence J. Bracken, II
> lbracken@hunton.com
> Andrew A. Stulce
> astulce@hunton.com
>
> George Weaver
> gweaver@hw-law.com
>
> Vince Toreno
> vince.toreno@kendavidlaw.com

This 10th day of February, 2014.


> */s/Susan L. Rutherford*
> SUSAN L. RUTHERFORD 621475