IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

RAHONDA MACCLAIN,
in her individual capacity and
as administrator of the Estate
of DAMION MACCLAIN, Deceased,

Plaintiff,

v.

CIVIL ACTION FILE
NO. 4:13-CV-00210-HLM

BRIAN OWENS, commissioner,
Georgia Department of Corrections,
et al.,

Defendants.

ORDER

This case is before the Court on Defendant Linwood Burns and Joshua Johnson's Motion for Entry of Judgment Under Rule 54(b) ("Motion for Judgment") [41] and on Plaintiff's Motion to Substitute Party ("Motion to Substitute") [54].

# I. Motion for Entry of Judgment

## A. Background

On January 27, 2014, the Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, and dismissed Defendants Burns and Johnson from this case. (Order of January 27, 2014 (Docket Entry No. 36) at 63.) The Court, however, denied the Motion with respect to Defendant Betty Bailey Dean (id), and several other Defendants remain in this case who were never the subject of a motion to dismiss (see generally Complaint (Docket Entry No. 1)).

On February 10, 2014, Defendants Burns and Johnson filed the instant Motion for Entry of Judgment. (Docket Entry No. 41.) In that Motion, those Defendants request that the Court enter final judgment as to the claims against



AO 72A
(Rev.8/82)

Defendants Burns and Johnson that the Court dismissed in its January 27, 2014, Order. (Mot. Judgment (Docket Entry No. 41) at 6.) On May 28, 2014, Plaintiff responded to the Motion for Entry of Judgment. (Docket Entry No. 55.) On June 2, 2014, Defendants Burns and Johnson filed their reply (Docket Entry No. 57), and the Court consequently finds the Motion for Judgment ripe for resolution.

## B. Discussion

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or parties does not end the action as to any of the claims or parties and may be revised at any

> time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Eleventh Circuit has observed:

> As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. Consideration of the former factor is necessary to ensure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay.
>
> As these factors will often suggest contrary conclusions, Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Recognizing that such circumstances will be encountered only rarely, we have previously

> counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively.

Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165-66 (11th Cir. 1997) (per curiam) (citations omitted). Keeping the above standards in mind, the Court addresses the Motion for Entry of Judgment.

Here, Defendants Burns and Johnson argue that the Court should enter a final judgment under Rule 54(b) as to the claims against them based on the assertion that "the hardship or injustice associated with delaying the entry of a final judgment against a public official outweighs the general prohibition against piecemeal appeals." (Mot. Judgment at 6.) Defendants Burns and Johnson cite to a case involving a public official's right to appeal a denial of qualified immunity and state that "[t]he same consequences apply to the entry of final judgment under [Federal Rule of Civil



AO 72A
(Rev.8/82)

Procedure] 54(b)." (Id. at 5 (citing Mitchell v. Forsyth, 472 U.S. 511 (1985).) Defendants Burns and Johnson's reply in support of their Motion for Judgment further argues that an entry of judgment is warranted because "there is little factual overlap between the dismissed claims and the remaining claims." (Defs.' Reply (Docket Entry No. 57) at 2.)

The Court disagrees with Defendants Burns and Johnson and finds the instant circumstances inappropriate for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). Defendants Burns and Johnson's comparison of allowing immediate appeal of a denial of qualified immunity to the situation at hand is misguided. A denial of qualified immunity means that public officials must continue defending claims against them, and there is a strong argument that such an ongoing defense would



AO 72A
(Rev.8/82)

distract the officials in question from their governmental and public service duties. Here, the claims against Defendants Burns and Johnson are dismissed and nothing further is required of them until an appeal is filed, if one is filed at all. Consequently, the Court is unable to find that significant hardship would arise from their continued nominal involvement in the instant case.

Defendants Burns and Johnson's argument that there is little overlap between the claims against them and those pending against the remaining Defendants is also unpersuasive. In Lee v. State Patrol Office, the sole case relied on in Defendants' reply, the court entered judgment under Rule 54(b) in favor of a prisoner's arresting officers on the prisoner's deliberate indifference to medical needs claim, while allowing the case to proceed against the



AO 72A
(Rev.8/82)

medical staff at the jail. See Lee v. State Patrol Office, Civil Action File No. 1:12-CV-3041-TWT, 2013 WL 2445203 at *2-4 (N.D. Ga. June 5, 2013) (dismissing law enforcement defendants), 2014 WL 1908754 at *1-2 (N.D. Ga. May 12, 2014) (granting rule 54(b) motion for judgment). Consequently, in Lee there was a clear break between the plaintiff being in custody of the dismissed officers and in the custody of the medical personnel who remained in the case, and any appeal of the dismissal of the arresting officers would involve different facts from an appeal of any possible dismissal of the medical personnel. Contrastingly, Mr. MacClain was in the custody of all Defendants, both those dismissed and those still in the case, at the time his injuries occurred. (See generally Compl. (Docket Entry No. 1).) Though the Court ultimately found that Defendants Burns



AO 72A
(Rev.8/82)

and Johnson were not responsible for the harm that befell Mr. MacClain, any appeal of the Court's decision would involve facts and claims that overlap with those pending against the remaining Defendants. Consequently, judicial efficiency concerns counsel against entering judgment in favor of Defendants Burns and Johnson at this time. See Ebrahimi, 114 F.3d at 167 ("[W]hen the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b).")

For the reasons discussed above, the Court finds that entry of a final judgment under Rule 54(b) as to Defendants Burns and Johnson is inappropriate at this time. The Court therefore declines to exercise its discretion to enter such a



AO 72A
(Rev.8/82)

final judgment, and denies Defendants Burns and Johnson's Motion for Entry of Judgment.

## II. Plaintiff's Motion to Substitute Party

This case was initially filed by Rahonda MacClain in her individual capacity and as Administrator of the Estate of Damion MacClain, Deceased. (See Compl. at 1.) However, during the pendency of the case, Plaintiff MacClain passed away. (See Mot. Stay (Docket Entry No. 42) at 1-2.) On February 20, 2014, the Parties filed a Consent Motion to Stay Proceedings so that Plaintiff's counsel could have an appropriate representative or successor appointed under Georgia law to pursue the claims in the Complaint. (Id. at 2-3.) The Court granted that Motion. (Order of Feb. 26, 2014 (Docket Entry No. 44) at 1.) On May 28, 2014, Plaintiff filed the instant Motion to Substitute indicating that Lysander



AO 72A
(Rev.8/82)

Turner was appointed the administrator of the estates of both RaHonda MacClain and Damion MacClain and seeking to substitute Mr. Turner as the Plaintiff in this action. (Mot. Substitute (Docket Entry No. 54) at 4.)

The time in which Defendants could respond to the Motion to Substitute is passed and no responses or objections have been filed. (See generally Docket.) Consequently, the Court finds that Defendants do not oppose the substitution of Mr. Turner as Plaintiff in the instant action and grants Motion to Substitute as such. See N.D. Ga. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). Further, the Court finds that Mr. Turner is a proper party to be substituted as contemplated by Federal Rule of Civil Procedure 25(a). See Fed. R. Civ. P. 25(a) ("If a party dies



AO 72A
(Rev.8/82)

and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."). Consequently, Plaintiff's Motion to Substitute is granted.

## III. Conclusion

ACCORDINGLY, the Court **DENIES** Defendants Burns and Johnson's Motion for Judgment [41]. The Court **GRANTS** Plaintiff's Motion to Substitute [54] and **DIRECTS** the Clerk to **AMEND** the Plaintiff's portion of the case caption of this action to read "LYSANDER TURNER, as administrator of the Estate of RaHonda MacClain and the Estate of Damion MacClain."



AO 72A
(Rev.8/82)

IT IS SO ORDERED, this the 16 day of June, 2014.

UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)